Shauck, J.
The record shows that upon the filing of the petition for the dissolution of the corporation, and its answer thereto, the plaintiffs made an oral motion for an order requiring the officers of the corporation, within a reasonable time, to file in court the inventories, accounts and statements required by Section 5652, Revised Statutes, which is a part of the statutory scheme for the dissolution of corporations, that the court required a notice to be given and a hearing to be had upon the motion and the pleadings, and that upon such hearing it denied the application and dismissed the petition, to which counsel for the plaintiffs excepted. As we understand counsel for the plaintiffs, their first criticism upon the action of the court is, that it should, without a hearing, have required "the filing of the inventories, accounts and statements mentioned in- Section 5652, Revised Statutes, because they would be necessary to a determination of the question whether the interests of the stockholders required the dissolution of the corporation. The petition was filed under favor of Section 5673, Revised Statutes, and so far as it concerns the pleadings counsel have proceeded in apparent accord upon the familiar view that when a statute confers a right without prescribing special procedure for its enforcement, a civil action is intended. This action is equitable in its character, *343 and in denying the motion of the plaintiffs made without evidence the court did nothing more than to insist that there should be a prima facie case upon both allegation and evidence. This was not only in accordance with the nature of the case, but also with the terms of the section which requires the order to be made if the court deem it beneficial to the interests of the stockholders. The answer did not admit the allegation that the interests of the stockholders required a dissolution of the corporation. On the contrary it denied it, whatever may be thought of. its circumstantial allegations made to support the denial. In requiring evidence to make a prima facie case, the court exercised properly the discretion conferred in view of the unavoidable consequences of a serious nature that would follow the making of the order, and no substantial right of the plaintiffs was thereby 'prejudiced.
In compliance with the ruling of the court upon the. motion, the parties introduced testimony upon the question whether the corporation should be dissolved or not. In view of the nature of the inquiry, as well as the terms of the statute, it was not with the view to an order of dissolution at that stage of the inquiry, for the statements to be filed pursuant to the order sought would be important in the final, determination of the question of dissolution, and the section provides for such final order after the filing of the statements and an opportunity to persons interested to be heard. In Armstrong v. The Herancourt Brewing Co., 53 Ohio St., 467, it was held that in view of the preliminary character of such an order *344 when made, it is not reviewable. But the effect of a refusal to make such order is necessarily to prevent further inquiry and give a final character to the action of the court. In the present case the common pleas court consciously gave that character to its order by adjudging that the petition be dismissed.
The evidence submitted upon the hearing of the motion is all embodied in the bill of exceptions, upon which the circuit court affirmed the judgment, and it is now presented to us. The duty with which the court of common pleas was charged upon the hearing was to exercise a legal discretion in determining whether the interests of the stockholders, the interests in which those who own a minority of the shares and those who own a majority, are identical in all respects, probably required that the corporation should be dissolved. The terms of the statute show that the relief which it affords is to be upon the initiative of the owners of a minority of the shares, it being obvious that the owners of the majority of the shares, having control of the affairs of the corporation, may, by the exercise of their power and by resorting to other provisions of the statute, protect their own interests. The purpose of the statute is to give practical effect to the manifest truth that so far as the stockholders are concerned the only legitimate purpose in the operation of private corporations is the realization of dividends as return upon investments in shares. No other consideration peculiar to the owners of a majority of shares and inducing them to oppose the dissolution is entitled to any consideration whatever. Did this *345 conception of the purpose of the statute conduct to the judgment which was rendered upon the evidence submitted, and in the admission of evidence? From the figures offered to show the financial history of the corporation and its present condition, and opinion testimony as to its condition and prospects, counsel derive widely different conclusions; but, hopes and conjectures aside, enough appears in the evidence to show that the corporation, according to the practical test of thirteen years of experience, is without a substantial earning capacity and that the value of all its stock is practically identical with the total value of its present assets. A statement by its president, who is the owner of the largest number of its shares and the leading opponent of its dissolution, is in the record. It shows that its business was quite successful from 1887 to 1893 inclusive, when a marked abatement of its prosperity began. Its showing for the thirteen years from 1896 to 1908, inclusive, gives the following summarized result. The total profits of the years in which profits were realized was $129,191.00. The total losses in the years in which losses were sustained- was $57,533.00. The depreciation during the thirteen years was $101,225.00. The losses for the year 1907 were $23,000.00. The profits for the year 1908 were $600.00. The statement shows that only two dividends were paid in the thirteen years, and that no dividend has been paid since 1899. The corporation has a capital stock of $300,000.00. There is annually paid in salaries of the officials of the corporation $9,600.00. The plaintiffs- admit that the salaries paid are not excessive for the posi *346 tions, but they do not admit that the positions should continue to exist. Indeed their action in the present case is a practical affirmance of the proposition that they should not exist. In no view that can be taken of the facts which exhibit the financial history and experience of the corporation for fifteen years, can it be thought that the interests of the stockholders require that it should be continued. The considerations which are urged in that behalf are based upon hopes which cannot be inventoried, which the owners of 'the minority shares do not entertain, and which have no intimate relation to the history of the corporation or the purpose for which it was formed.
Much attention was given upon the hearing of the motion to testimony introduced to show that the making of the order would disastrously affect the interests of the corporation by impairing its credit and diminishing the confidence of those who purchase or contemplate purchasing its -products. It appears not only from the judgment which the court of common pleas entered upon the evidence submitted, but as well from the opinion of the trial judge, that much importance was attached to that consideration. While it is true that judicial opinions do not constitute a part of the record, and that a resort cannot be had to them in reviewing courts as the predicate of errors, the relation of judgment to evidence contained in the record is obviously a proper consideration. In an inquiry of the, nature of this, the corporation and its stockholders are to be regarded as distinct persons. It cannot be that a statute which provides for the dissolution of a corporation in the interests of its *347 stockholders should contemplate that controlling consideration be' given to its interests as distinct from theirs.
The answer avers that before the institution of this suit, Mr. W.. S. Thomas and others holding together the majority of the shares of the stock of the corporation, proposed to the plaintiffs that the proponents would place a value on the shares and give to the plaintiffs the option to purchase or sell at the value so fixed, but that the proposition was rejected. On the hearing there iwas introduced in evidence a letter from the same proponents written after the proceeding was instituted purporting to be a renewal of the former proposition. In the letter no value of the stock was fixed, the proposal being that the writers would fix it within two days after the plaintiffs should signify their assent thereto. The record also contains an answer from the plaintiffs rejecting this proposition. This evidence had no proper place in the case and it may have aided in diverting the attention of the court from the question which it should have determined. Certainly the plaintiffs were not. obliged to accept a proposition which, if accepted would be an assumption that they were as well able to determine the .value of the stock as those who had been for many years in control of the company’s affairs, and which in a contingency might have required them to acquire- more of the stock. Upon the facts by them alleged and shown by the submitted statements, it was their right to realize their interest in the corporation through its dissolution. No inference prejudicial to them should be drawn from their insistence upon their rights.
*348 Upon the questions so far considered we are not advised' that the views of the circuit court differed from those here expressed. Its judgment affirming that of the court of common pleas appears to have resulted from its view respecting the question yet to be considered. It is alleged in the answer that in April, 1905, in consideration of the payment of a large sum of money due from the company to the sisters of its president, who are of the plaintiffs, and that the payment of the large sum due from it to him should be deferred, they agreed not to bring proceedings for dissolution within six years if they were satisfied that said agreement was faithfully kept by him. A written contract of -that date was introduced in evidence on the trial apparently to support this allegation. It is not executed by the corporation but only by W. S.. Thomas, his sisters and W. S. Thomas as trustee of his brother under the will of his father. It does not recite or contemplate the payment of money from the corporation to the sisters except debts and dividends. It imposed no obligation whatever upon the corporation. It required W. S. Thomas annually to report to his sisters respecting the affairs of the company. It contained some stipulations which certainly, and some which apparently, relate to the affairs of the estate of the late John H. Thomas of whose will W. S. Thomas was an executor. It does contain the stipulation that neither of the sisters should within six years institute any legal proceeding- to dissolve The Thomas Manufacturing Compan)q “if in her opinion the letter and spirit of this agreement has been. faithfully 1-cept” by W, S. Thomas. This is *349 the only express, and it is, therefore, the controlling stipulation upon the subject. References to the six year period in other paragraphs of the contract relate to this stipulation. It will be easier to assume than to demonstrate that' the agreement of the sisters is supported by any consideration whatever, and that the corporation, though a stranger to the contract, may allege it in bar of a proceeding for its dissolution. Making both assumptions it is quite clear that the sisters reserved the right to bring such proceeding “if in their opinion the spirit and letter of the agreement should not be faithfully kept” by W. S. Thomas. Each of them testified that she was of the opinion that it had not been so kept by him, and the evidence of incorrect and partial reports shows ground for such belief. These discrepancies may all have resulted from defective bookkeeping and an undue sense of personal proprietorship following the long connection of the president of the corporation with the management of its affairs and those of the co-partnership which preceded it. His personal integrity is not questioned either in the petition or in the evidence. The circuit court appears to have been ■satisfied from the evidence that the differences between the parties were sincerely entertained, but it omitted from its elucidation of the case the process by which it reasoned to the conclusion that their sincerity authorized it to eliminate the express condition upon which they agreed not to institute a proceeding, for- dissolution.
There being in the record no conflict in the evidence respecting the facts which are controlling in their nature, there remains only the duty of apply *350 ing the law to those facts, in. so far as the question of a prima facie case is concerned. To require the minority stockholders to submit longer to a wholly unprofitable investment in its shares would be inconsistent with natural justice, with legitimate business enterprise and with the terms and manifest purpose of the statute.
The judgments of the circuit court and the court of common pleas are reversed, and the cause is remanded to the court of common pleas with direction to that court to order the officers of the defendant to file in court the inventories, accounts and statements mentioned in Section 5652, Revised Statutes, and to proceed further in said cause according to law.

Judgments reversed.

Crew, Spear, Davis and Price, JJ., concur. Summers, C. J., not participating.